IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DASHA ABERNATHY,

      Plaintiff,

          v.

OFFICER DEVON DAWSON, *in his
individual capacity*, et al.,

      Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-2018-TWT

### OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendant Devon Dawson's Motion for Summary Judgment [Doc. 28], the Defendant Kevin White's Motion for Summary Judgment [Doc. 31], and the Defendant City of Atlanta's Motion for Summary Judgment [Docs. 33, 34]. For the reasons set forth below, Dawson's Motion for Summary Judgment [Doc. 28] is GRANTED; White's Motion for Summary Judgment [Doc. 31] is GRANTED; and the City's Motion for Summary Judgment [Docs. 33, 34] is GRANTED.

### I.   Background[1]

This case arises from an altercation that occurred in the parking lot outside the Tacos and Tequilas Mexican Grill on Ponce de Leon Avenue on May

---

[1] The operative facts on the Motions for Summary Judgment are taken from the Defendants' Statements of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B). As the Plaintiff here has not filed responses to the Motions, the Court will deem the Defendants' Statements of Undisputed Material Facts admitted.

5, 2021. (Def. Dawson's Statement of Undisputed Material Facts ¶¶ 1–2; Def. White's Statement of Undisputed Material Facts ¶ 1; Def. City's Statement of Undisputed Material Facts ¶ 1). The Plaintiff Dasha Abernathy placed her name on the restaurant's waiting list when she arrived and then returned to the parking lot to wait on her friends who were planning to join her. (Def. White's Statement of Undisputed Material Facts ¶ 2). She noticed two vacant parking spaces close to the restaurant's entrance and decided to stand in one of them so her friend could park in it. (Def. Dawson's Statement of Undisputed Material Facts ¶ 4; Def. White's Statement of Undisputed Material Facts ¶ 3; Def. City's Statement of Undisputed Material Facts ¶ 3).

As Abernathy stood in the parking space, another motorist, Cornelia James, attempted to park in the same spot. (Def. Dawson's Statement of Undisputed Material Facts ¶ 3; Def. White's Statement of Undisputed Material Facts ¶ 4; Def. City's Statement of Undisputed Material Facts ¶ 4). When Abernathy refused to move from the space, James ultimately moved her vehicle forward and made contact with Abernathy. (Def. Dawson's Statement of Undisputed Material Facts ¶ 9; Def. White's Statement of Undisputed Material Facts ¶ 11; Def. City's Statement of Undisputed Material Facts ¶ 11). Abernathy then struck the hood of James's car, and the two began to fight after James exited her vehicle. (Def. Dawson's Statement of Undisputed Material Facts ¶¶ 12–15; Def. White's Statement of Undisputed Material Facts ¶¶ 11–

13; Def. City's Statement of Undisputed Material Facts ¶¶ 12–13). Abernathy admitted that she swung at James with either an open hand or a closed fist and admitted to grabbing James by the hair and "probably pulling some out." (Def. Dawson's Statement of Undisputed Material Facts ¶¶ 16–17; *see also* Def. White's Statement of Undisputed Material Facts ¶¶ 14–15; Def. City's Statement of Undisputed Material Facts ¶ 14).

The Defendants Officer Devon Dawson and Officer Kevin White arrived at the scene of the altercation after bystanders called the police. (Def. Dawson's Statement of Undisputed Material Facts ¶ 1; Def. White's Statement of Undisputed Material Facts ¶¶ 17–19; Def. City's Statement of Undisputed Material Facts ¶¶ 15–17). After conducting several interviews, the Officers informed Abernathy and James "that both had fault in the dispute and that if either wanted to press charges against the other, they both would be placed under arrest." (Def. Dawson's Statement of Undisputed Material Facts ¶ 21; *see also* Def. White's Statement of Undisputed Material Facts ¶ 19; Def. City's Statement of Undisputed Material Facts ¶ 20). Abernathy insisted on pressing charges against James, so the Officers arrested them both and charged them with disorderly conduct. (Def. Dawson's Statement of Undisputed Material Facts ¶¶ 22–23; Def. White's Statement of Undisputed Material Facts ¶ 20; Def. City's Statement of Undisputed Material Facts ¶ 21).

The Plaintiff filed the present action on May 3, 2023, asserting § 1983 claims under the Fourth Amendment against Officers Dawson and White and a negligence claim against the Defendant City of Atlanta and seeking attorneys' fees.[2] The Defendants now move for summary judgment as to all claims against them, and the Plaintiff failed to respond in opposition.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Despite the

---

[2] The Plaintiff names the Officer Derrick Jones as a Defendant in her Complaint, but she asserts no specific claim against him, despite alleging that he "negligently reviewed the arrest information, thereby further compounding an unlawful arrest." (Compl. ¶ 25). Counsel for Officer Jones never filed an appearance in the case, presumably because the Complaint does not specifically state a claim against him.

Defendants' lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

## III.    Discussion

The Defendants Dawson and White move for summary judgment as to the § 1983 claims against them, arguing that they had probable cause to arrest the Plaintiff and that qualified immunity bars the claims. (Br. in Supp. of Def. Dawson's Mot. for Summ. J., at 1–2; Br. in Supp. of Def. White's Mot. for Summ. J., at 6–15). The City of Atlanta also moves for summary judgment as to the negligence claim against it, arguing that sovereign immunity bars the claim. (Br. in Supp. of Def. City's Mot. for Summ. J., at 16–19).

The Court concludes that the Defendants have carried their burden to show that no genuine dispute of material fact exists as to the Plaintiff's claims against them. Qualified immunity bars the § 1983 claims against the Officers because they had probable cause to arrest the Plaintiff for disorderly conduct considering she fought with James in the parking lot outside the restaurant.[3]

_____

[3] To the extent that the Complaint asserts state law negligence claims

5

*See Case v. Eslinger*, 555 F.3d 1317, 1326–27 (11th Cir. 2009). And sovereign immunity bars the Plaintiff's negligence claim against the City because her allegations center on the performance of government functions in training and supervising City police officers. *See City of Atlanta v. Mitcham*, 296 Ga. 576, 581–82 (2015).[4] Absent a valid underlying § 1983 or negligence claim, the derivative claim for attorneys' fees also fails. Accordingly, the Defendants' Motions for Summary Judgment should be granted.

## IV.   Conclusion

For the foregoing reasons, the Defendant Dawson's Motion for Summary Judgment [Doc. 28] is GRANTED; the Defendant White's Motion for Summary Judgment [Doc. 31] is GRANTED; and the Defendant City of Atlanta's Motion for Summary Judgment [Docs. 33, 34] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Defendants on all Counts and close the case.

SO ORDERED, this ___3rd___ day of April, 2024.

---

against the Officers, the Court concludes that official immunity bars those claims. *See Touchton v. Bramble*, 284 Ga. App. 164, 167–68 (2007); (*see also* Br. in Supp. of Def. Dawson's Mot. for Summ. J., at 16–17; Br. in Supp. of Def. White's Mot. for Summ. J., at 15–17).

[4] To the extent that the Complaint asserts § 1983 claims against the City, the Court concludes that no genuine dispute of material fact exists that would support a violation of the Plaintiff's constitutional rights or the City having a custom or policy constituting deliberate indifference to her constitutional rights. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); (*see also* Br. in Supp. of Def. City's Mot. for Summ. J., at 6–16).

THOMAS W. THRASH, JR.
United States District Judge